CLD-233                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1476
_____

IN RE:  GARY WILSON,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Civ. Action No. 2:14-cv-03254)
District Judge:  Honorable Stewart Dalzell

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2015

Before: FUENTES, GREENAWAY, JR., and VANASKIE, Circuit Judges

(Opinion filed: June 26, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Gary Wilson seeks a writ of mandamus compelling the District

Court to rule on his 28 U.S.C. § 2254 petition.  For the following reasons, we will deny

the requested relief.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Wilson filed a habeas petition in the District Court in June 2014, and thereafter was twice allowed to amend his petition. The initial briefing on Wilson's amended habeas petition was completed in November 2014, and Wilson filed the current petition for a writ of mandamus in February 2015.[1] On May 19, 2015, the Magistrate Judge ordered the respondent to file a supplemental response to Wilson's habeas petition within twenty days.

Mandamus is an extraordinary remedy that we may grant only when the petitioner has a clear right to relief and no other adequate means to obtain it. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Although district courts are generally given discretion to control their dockets, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c). Here, there is no basis for granting the petition for a writ of mandamus. There may have been a short delay between the completion of briefing on Wilson's habeas petition and the Magistrate Judge's May 2015 order for a supplemental response, but that order shows that the Magistrate Judge is actively considering Wilson's petition, and we

---

[1] In April 2015, we issued an order notifying Wilson that we would not take action on his petition until he filed a copy of the petition with the District Court. We received notice of service on the District Court in May 2015. Accordingly, the petition is ready for disposition.

2

see no reason to believe that the District Court will not adjudicate it in due course.

Therefore, Wilson's petition for a writ of mandamus will be denied.[2]

---

[2] We note that Wilson also seems to request that we decide issues concerning his sentence, including the conditions of his parole. The propriety of his sentence is currently pending before the District Court. If the District Court's adjudication of Wilson's habeas petition is not in his favor, he may, at the appropriate time, apply to this Court for a certificate of appealability. See 28 U.S.C. § 2253.